THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2017 JUN 23 P 1: 17

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| RIVERBOAT GROUP, LLC D/B/A VANGUARD LABS, LLC | * * * | |
| Plaintiff, | * * | |
| vs. | * * | Case No. 3:17-CV-405 |
| IVY CREEK HEALTHCARE, LLC, D/B/A LAKE MARTIN COMMUNITY HOSPITAL | * * * * | |
| Defendant. | * | |

## COMPLAINT

COMES NOW the Plaintiff, Riverboat Group, LLC d/b/a Vanguard Labs, LLC, (hereafter referred to as "Plaintiff" and/or "VANGUARD") and makes this complaint against the Defendant, Ivy Creek HealthCare, LLC, d/b/a Lake Martin Community Hospital, hereafter referred to as "IVY CREEK", as follows:

### Parties, Jurisdiction and Venue

1. Riverboat Group, LLC d/b/a Vanguard Labs, LLC, is a Delaware series limited liability company who is domiciled in New Orleans, Louisiana.

2. Ivy Creek Healthcare, LLC d/b/a Lake Martin Community Hospital, is a Florida LLC domiciled in Miami, Florida.

3. The Plaintiff is seeking Damages in excess of $75,000.00.

4. Original jurisdiction is couched in the district court in the instant matter by virtue of 28 USC §1332 (1), which sets out that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…(1) citizens of different states."

5. Venue is proper in this Court by virtue of 28 USC §1331 (b) (2) because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## Background Facts

6. Plaintiff provides clinical laboratory services on a per-request basis to health care facilities.

7. On or about May 11, 2016, Plaintiff entered into a contract with Defendant to provide clinical laboratory services ("the Contract"). A copy of the Contract is attached hereto and marked **Exhibit A**.

8. Plaintiff provided laboratory services to Defendant pursuant to the Contract; however, Defendant has failed, and or, refused to pay Plaintiff for services it provided pursuant to the Contract.

9. An itemization of the services rendered by Plaintiff that Defendant did not pay for is attached hereto and marked **Exhibit B**.

10. As set forth in **Exhibit B**, Defendant owes Plaintiff the sum of $ 250,024.81 for services rendered, exclusive of interest and attorney fees.

11. In addition, the Contract states that in Section V Provision 2 that the Contract is governed by and construed in accordance with the laws of the State of Delaware.

12. As a result, the total amount owed by Defendant to Plaintiff should also include, in addition to the sum for services rendered, pre-judgment interest calculated from February 2017 at the rate of 6.25% pursuant to 6 Delaware Code §2301.

## COUNT ONE – Breach of Contract

13. Plaintiff adopts and incorporates as if fully alleged herein all of the paragraphs of this complaint.

14. Plaintiff contracted with the Defendant to provide laboratory services and Plaintiff, pursuant to the Contract, did provide the services required in the Contract.

15. Defendant breached the Contract between the Defendant and Plaintiff by failing to pay for the services provided by Plaintiff.

**WHEREFORE**, Plaintiff demands judgment be entered against Defendant for contractual damages and any and all other damages and remedies to which Plaintiff may be entitled including interest and expenses.

### COUNT TWO – Open Account

16. Plaintiff adopts and incorporates as if fully alleged herein all of the paragraphs of this complaint.

17. Plaintiff provided laboratory services to Defendant on Open Account.

18. Defendant has failed, and or refused, to pay for the laboratory services provided by the Plaintiff.

19. An itemization of the services provided by Plaintiff to Defendant that have not been paid for is attached hereto as **Exhibit B**.

**WHEREFORE**, Plaintiff demands judgment be entered against Defendant for damages on open account and any and all other damages and remedies to which Plaintiff may be entitled including interest and expenses.

### COUNT THREE – Unjust Enrichment

20. Plaintiff adopts and incorporates as if fully alleged herein all of the paragraphs of this complaint.

21. Plaintiff provided laboratory services to Defendant at the request of Defendant.

22. Defendant has failed, and or refused, to pay Plaintiff for the laboratory services provided to Defendant.

23. Defendant is unjustly enriched by receipt of these services without having paid Plaintiff for said services.

**WHEREFORE**, Plaintiff demands judgment be entered against Defendant for damages for unjust enrichment and any and all other damages and remedies to which Plaintiff may be entitled including interest and expenses.

Dated this 22nd day of June, 2017.

                                        Kent D. McPhail, (MCP008)
                                        Jason Crane (CRA068)
                                        *Attorneys for Plaintiff*

**Of Counsel:**
Dumas & McPhail, LLC
126 Government Street
Mobile, Al 36602
(251)438-2333
(251)438-2367 fax
Kent@dumasmcphail.com
Jason@dumasmcphail.com

**Serve Defendant via Certified Mail at:**
Ivy Creek Healthcare, LLC d/b/a
Lake Martin Community Hospital
c/o Registered Agent Michael D. Bruce
201 Mariarden Rd
Dadeville, AL 36853