# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| **RIVERBOAT GROUP, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:17-cv-405-DAB |
| | ) | |
| **IVY CREEK OF TALLAPOOSA, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Second Amended Complaint (Doc. 23) filed in response to the court's order of December 8, 2017 (Doc. 20). In that order, the court directed Plaintiff to file an amended complaint that properly alleges diversity jurisdiction. *See* (Doc. 20 at 2). Because this is Plaintiff's third failed attempt to properly plead the parties' citizenship in order to invoke this court's diversity jurisdiction, this action is due to be dismissed for lack of jurisdiction.

**I. Procedural Background**

Plaintiff, Riverboat Group, LLC, d/b/a Vanguard Labs, LLC, initiated this lawsuit on June 23, 2017, against Ivy Creek Healthcare, LLC, d/b/a Lake Martin Community Hospital. (Doc. 1). On September 6, 2017, the court ordered Plaintiff to amend its complaint because Plaintiff's complaint was insufficient to clearly

1

establish the court's jurisdiction based upon diversity because it did not indicate the full citizenship of the parties who are limited liability companies. (Doc. 11). On September 28, 2017, Plaintiff, Riverboat Group, LLC d/b/a Vanguard Labs, LLC, filed an amended complaint against Ivy Creek of Tallapoosa, LLC, d/b/a Lake Martin Community Hospital. (Doc. 12). The court again counseled Plaintiff that its allegations regarding limited liability companies were deficient, noting that in order to allege the citizenship of a limited liability company, a plaintiff must allege the *citizenship* of the LLC's members. *See* (Doc. 20) (emphasis added). In its December 8, 2017order, the court cautioned Plaintiff that failure to file an amended complaint that properly alleges diversity jurisdiction may result in dismissal. Plaintiff filed its Second Amended Complaint against Ivy Creek of Tallapoosa, LLC on December 14, 2017. (Doc. 23).

**II. Discussion**

Plaintiff seeks to invoke this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Section 1332 provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. *See* 28 U.S.C.A. § 1332(a)(1).

Because federal courts are courts of limited jurisdiction, "a federal court has an independent obligation to review its authority to hear a case before it proceeds

to the merits."[1]  *Mirage Resorts, Inc. v. Quiet Nacelle Corp.,* 206 F.3d 1398, 1400-1401 (11th Cir. 2000).  That obligation should be undertaken "at the earliest possible stage in the proceedings[.]" *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citations omitted).  Even when no party challenges it, courts are obligated to determine whether subject-matter jurisdiction exists. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  The burden of persuasion for establishing diversity jurisdiction remains on the party asserting it. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  "Consistent with the limited nature of federal jurisdiction, the party seeking a federal venue must establish the venue's jurisdictional requirements." *Lowery v. Ala. Power Co.*, 483

---

[1] An "Article III court must be sure of its own jurisdiction before getting to the merits" of any action.  *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998)); *see also, e.g.*, *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (stating that "a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises"); *Univ. of S. Alabama v. Am. Tobacco Co*., 168 F.3d 405, 410 (11th Cir. 1999) ("[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings."); *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."); *Kutner v. Kutner*, 656 F.2d 1107, 1110 (5th Cir. 1981) ("[I]t is the duty of the court to determine on its own motion whether it has jurisdiction of any case before it."); *Employers Mutual Cas. Co. v. Evans,* 76 F. Supp. 2d 1257, 1259 (N.D. Ala. 1999) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

F.3d 1184, 1207(11th Cir. 2007) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Plaintiff bears that burden here, and the court concludes Plaintiff has failed to carry this burden despite being given multiple opportunities to correct its deficient pleadings.

In its Second Amended Complaint, Plaintiff alleges Riverboat Group, LLC is a Delaware series limited liability company whose sole member is Atrium RB Group, LLC. (Doc. 23, ¶¶ 1, 2). Plaintiff further alleges that Atrium RB Group, LLC is a Delaware series limited liability company and its members are Logan Trotter, a New Orleans, Louisiana resident; Aaron Motwani, a New Orleans, Louisiana resident; and Clayton White, a Theodore, Alabama resident. *Id.*, ¶¶ 3, 4. Regarding the Defendant, Plaintiff alleges Ivy Creek of Tallapoosa, LLC is a domestic limited liability company whose sole member is Ivy Creek Healthcare, LLC. *Id.*, ¶¶ 5, 6. Ivy Creek Healthcare, LLC is a foreign limited liability company with a principal address in Miami, Florida. *Id.*, ¶ 7. Michael D. Bruce is the sole member of Ivy Creek Healthcare, LLC. *Id.*, ¶ 8. Plaintiff alleges "Michael D. Bruce's address is 16020 SW 80th Avenue; Miami, FL 33157." *Id.*, ¶ 9.

For purposes of diversity of citizenship, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). It has long been recognized that "[c]itizenship, not residence, is the key fact that

4

must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994); *Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010) ("residency is not the equivalent of citizenship"); *Cong. of Racial Equal. v. Clemmons*, 323 F.2d 54, 58 (5th Cir. 1963) (since residence is not the equivalent of citizenship, an allegation that a party is a resident of a certain state or foreign country is not a sufficient allegation of his citizenship).

Here, Plaintiff alleges the *residence* of the members of its LLC and identifies an address for the sole member of the Defendant's LLC. The Second Amended Complaint still fails to allege the LLC members' *citizenship* despite two orders from this court advising it to do so.

**III. Conclusion and Order**

Because Plaintiff has been unable to properly plead the citizenship of the parties in order to invoke this court's diversity jurisdiction, it is hereby **ORDERED** the case is **DISMISSED without prejudice** due to lack of subject-matter jurisdiction. No costs. The Clerk is directed to close the file.

**DONE** and **ORDERED** this 4th day of January 2018.

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE